UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEANE KRAUS and PAUL KRAUS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., et al., ) <br> ) <br> Defendants. ) | Case No. 4:13CV01182 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiffs, husband and wife, allege in the amended complaint that on September 29, 2006, Plaintiff Leane Kraus executed a promissory note in the amount of $60,000 in favor of Cornerstone Mortgage, Inc., secured by a Deed of Trust on the home she purchased with the proceeds of the loan. The Deed of Trust identifies Defendant The Mortgage Electronic Registration System, Inc. ("MERS"), as the beneficiary of the Deed of Trust, acting as a nominee for the lender. The Deed of Trust provided that the Note could be sold one or more times without prior notice to the borrower, and gave the lender the right to invoke the power of sale of the property if the borrower defaulted on the Note. (Doc. No. 23-1).

Plaintiffs allege that beginning in February 2011, Defendant Bank of America, N.A. ("BANA") represented to Plaintiffs that it was acting on behalf of the owner of the Note as the servicer of the Note, that Leone Krauss owed payments on the note, and that a failure to make such payments would result in a trustee's foreclosure sale of the property. Plaintiffs allege that they requested assurances from BANA that it would provide them with a canceled copy of the original Note upon payoff and made numerous requests to BANA, most notably by letter dated March 10, 2011, for information about the payoff amount and the assignments of the Note, and for an accounting. Plaintiffs allege that BANA failed to respond in any way. They further allege that they "had the opportunity to pay off the note in full, however, without some assurance from [BANA] of its ownership in the Note, and/or it representation of the owner of the Note, Plaintiffs were unable to make such payment to [BANA] in good faith." (Doc. No. 19 at 4.)

The record establishes that on May 26, 2011, the Deed of Trust was assigned to BAC Home Loans Servicing, LP ("BAC").[1] It is undisputed that BANA is the successor by merger to BAC, and that therefore BANA holds all beneficial interest under the Deed of Trust. Plaintiffs allege that Leane Kraus received a Notice of Trustee's Sale set for July 5, 2011, notifying her that the property would be foreclosed upon and sold. They allege that the sale was eventually stopped. On April 15, 2013, they commenced this action in state court seeking to quiet title as to all Defendants (Count I); statutory

---

[1] The Deed of Trust and the Assignment were added to the record by Defendants. The Court may properly consider these public records in ruling on the motion to dismiss. *See, e.g., White v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2094 CAS, 2011 WL 1483901, at *2 (E.D. Mo. Apr. 19, 2011).

damages against BANA for violations of the Real Estate Settlement Procedures Act ("RESPA") (Count II); damages for BANA's unjust enrichment and fraud (Counts III and IV); and an accounting from BANA (Count V). On June 20, 2013, the case was removed to this Court.

With respect to the RESPA claim, Plaintiffs assert that the letter of March 10, 2011, constituted a Qualified Written Request under RESPA, and that as a result of BANA's failure to respond, Plaintiffs have been damaged by the imposition of interest, late charges, legal and foreclosure fees, insurance fees, and taxes. In Count II Plaintiffs allege "[u]pon information and belief" that the promissory note was securitized and incorporated into a Home Loan Trust, and that BANA did not have authority to act on behalf of the Trust, or on behalf of any entity with an ownership interest in the note, and that BANA was thus unjustly enriched by the payments on the note made by Plaintiffs to BANA. Count II is also premised on the allegation that upon information and belief BANA had no authority to act on behalf of the owner of the note.

In support of their motion to dismiss, Defendants argue that Plaintiffs' action to quiet title fails to state a claim because Plaintiffs do not, and cannot, allege superior title to that of Defendants. Defendants argue that Plaintiffs' claim against BANA for violations of RESPA should be dismissed because Plaintiffs did not submit a Qualified Written Request to BANA and because Plaintiffs have suffered no damages as a result of BANA's failure to respond to Plaintiffs' correspondence. Defendants argue that Plaintiffs' claim for unjust enrichment should be dismissed because the Deed of Trust expressly requires Plaintiffs' monthly payments and allows for the imposition of the fees

involved. Defendants argue that Plaintiffs' fraud claim should be dismissed under Federal Rule of Civil Procedure 9(b) because Plaintiffs have not pled fraud with particularity. Finally, Defendants argue that Plaintiffs have failed to plead any of the four requisite elements of a claim for an accounting and because BANA owes no duty under RESPA to provide an accounting since Plaintiffs did not submit a Qualified Written Request.

In response, Plaintiffs argue that their claim for quite title is viable because although their title is subject to the Deed of Trust, the Deed of Trust does not name any of the Defendants and is instead between Plaintiffs and Cornerstone Mortgage, Inc. Plaintiffs argue that they state a RESPA claim because their request for an accounting involved "receiving any scheduled periodic payments . . . and making the payments of principal and interest . . . ." Plaintiffs argue that they state a claim for unjust enrichment because, assuming the facts as alleged to be true, there is no contract between BANA and Plaintiffs, and thus any collection of fees by BANA would be an unjust enrichment. Plaintiffs argue that they state a claim for fraud because they allege they were given fraudulent information by BANA employees. Finally, Plaintiff argues that their request for accounting states a cause of action because BANA has refused to respond to any of their requests.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. In sum, this standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *see also Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). The Court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *See Zoltek Corp. v. Structural Polymer Grp.,* 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citation omitted)).

Here Plaintiffs do not allege that they paid off the Note and they acknowledge that their interest in the property is subject to the Deed of Trust. Plaintiffs do not dispute, nor can they, the validity of the assignment of the Deed of Trust to BANA. Plaintiffs' claims appear to be premised on the fact that BANA was not the original lender and that they had no obligation to pay BANA to sums due under the Note unless BANA promised to provide them with a copy of the original Note. Courts have consistently dismissed state law claims, whether sounding in fraud, wrongful foreclosure, or similar theories, based on such allegations. *See, e.g., White*, 2011 WL 1483901, at *6-12; *McKay v.*

5

*GMAC Mortg., LLC*, No. 4:10CV507 CDP, 2010 WL 2518590, at *2 (E.D. Mo. June 14, 2010).

Moreover, with respect to Plaintiffs' fraud claim, they failed to plead "with particularity the circumstances constituting fraud," as required by Rule 9(b), such as "the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).

Plaintiffs' quiet title count is also subject to dismissal as, under the undisputed facts, they cannot claim superior title to the real property in question. *See White*, 2011 WL 1483901, at *10.

RESPA provides that a servicer of a federally-related mortgage loan that receives a "qualified written request" from a borrower must respond to the request with appropriate information within 60 business days. 12 U.S.C. § 2605(e)(2). A servicer's noncompliance with § 2605(e) entitles a borrower to recover "any actual damages to the borrower as a result of the failure." *Id.* § 2605(f)(1).[2] A "plaintiff who alleges a breach of § 2605 without alleging damages fails to state a cause of action." *McWilliams v. Chase Home Fin., LLC.*, No. 4:09CV609 RWS, 2010 WL 1817783, at *4 (E.D. Mo. May 4, 2010). Here the Court concludes that Plaintiffs' assertion that they would have paid off the Note had BANA assured them it owned the Note does not constitute actual

---

[2] This section also provides for additional damages not to exceed $2,000 in the case of a pattern or practice of noncompliance with the requirements of section 2605. Here Plaintiff has not alleged such a pattern or practice.

6

damages under RESPA.[3] Thus, Plaintiffs have failed to state a claim for relief under RESPA. *See Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010 AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011).

Lastly, in light of the above conclusions of law, the Court discerns no basis to require BANA to provide an accounting.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiffs' First Amended Complaint is **GRANTED**. (Doc. No. 22.)

A separate Judgment shall accompany this Memorandum and Order.

       *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2013.

---

[3] The Court notes that Plaintiffs have not submitted a copy of the alleged March 24, 2011 letter.